**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| B LEGAL, INC., a California corporation, <br><br> Plaintiff-Appellant, <br><br> and <br><br> SLAM POMONA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ANGELA TORRES; et al., <br><br> Defendants-Appellees. | No. 19-55530 <br><br> D.C. No. 2:17-cv-05419-TJH-JEM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted October 13, 2020[**]
Pasadena, California

Before: GOULD and OWENS, Circuit Judges, and KORMAN,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

B Legal, Inc., owner and operator of "Bare N' Legal," an adult cabaret club (the "Club"), appeals from the district court's summary judgment in its 42 U.S.C. § 1983 action against the City of Pomona ("City") and Pomona Police Officer Angela Torres ("Officer Torres") alleging violation of its First Amendment rights. "We review de novo a district court's decision to grant summary judgment." *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court properly determined that B Legal's claim that the City violated its First Amendment rights by allegedly causing a billboard operator to stop putting up B Legal's advertisement was time-barred. B Legal failed to raise a genuine dispute of material fact that the City interfered with its legal rights after June 20, 2015, within the applicable limitations period. B Legal points to evidence that it was unable to gets its billboard advertisement back up until 2017. However, a "mere continuing *impact* from past violations is not actionable." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal quotation marks and citation omitted).

2. The district court also properly granted summary judgment on B Legal's claim that, during a legitimate code enforcement visit to the Club, Officer Torres allegedly violated B Legal's First Amendment rights by threatening, harassing, and intimidating B Legal's employees with the intent to retaliate against, obstruct, or

chill B Legal's rights. Specifically, B Legal provided evidence that Officer Torres demanded identification from B Legal's employees, told them that the Club was illegal and that they should quit because there would be fines and citations that would go on their records and they could get in trouble, and further told the employees that the owners of the Club did not care about them and were lying to them about how much trouble the employees could encounter.

The district court properly determined that Officer Torres was entitled to qualified immunity because it was not clearly established that Officer Torres' conduct violated B Legal's First Amendment rights. *See S.B. v. Cnty. of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017) ("To be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what [the official] is doing violates that right.'" (citation omitted)). B Legal cites only *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986), for the general proposition that public officials cannot retaliate against, obstruct, or chill First Amendment rights, but the instant case involves a very different context. *See S.B.*, 864 F.3d at 1015 ("[T]he clearly established inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition[.]'" (citation omitted)). Unlike here, *Gibson* concerned police officers' alleged frequent low-altitude helicopter flights over the plaintiffs' residence to inhibit one plaintiff's confrontational yet nonviolent political activities. *See* 781 F.2d at 1338.

Thus, it was not clearly established that Officer Torres' conduct violated B Legal's First Amendment rights, and the district court properly determined that Officer Torres was entitled to qualified immunity.

3. Finally, summary judgment was proper on B Legal's Bane Act claim. The Bane Act allows civil actions for interference with federal or state constitutional rights by "threat, intimidation, or coercion[.]" Cal. Civ. Code § 52.1(b); *see also Jones v. Kmart Corp.*, 949 P.2d 941, 942 (Cal. 1998). B Legal failed to raise a genuine dispute of material fact that Officer Torres' alleged conduct rose to the level of a Bane Act violation. *See Shoyoye v. Cnty. of L.A.*, 137 Cal. Rptr. 3d 839, 849 (Ct. App. 2012) (stating that the Bane Act "was intended to address only egregious interferences with constitutional rights, not just any tort").

**AFFIRMED**.